241 F.2d 937
 HARMAR DRIVE-IN THEATRE, Inc., Plaintiff-Appellee,
v.
WARNER BROS. PICTURES, Inc. (In Dissolution), et al.,
Defendants, and Paramount Film Distributing
Corporation et al., Defendants-Appellants.
COLONIAL DRIVE-IN THEATRE, Inc., Plaintiff-Appellee,
v.
WARNER BROS. PICTURES, Inc. (In Dissolution), et al.,
Defendants, and Paramount Film Distributing
Corporation et al., Defendants-Appellants.
 Nos. 38, 39, Dockets 24014, 24015.
 United States Court of Appeals Second Circuit.
 Petition filed Jan. 12, 1957.
Decided March 27, 1957.
 
 Warren A. Seavey, Cambridge, Mass., for plaintiffs-appellees, petitioners.
 Bruce Bromley, New York City (John Logan O'Donnell and Leo P. Arnaboldi, Jr., New York City, of counsel), for defendants-appellants.
 Before CLARK, Chief Judge, and HAND and SWAN, Circuit Judges.
 On Petition for Rehearing.
 PER CURIAM.
 
 
 1
 Petition for rehearing denied.
 
 
 2
 CLARK, Chief Judge (dissenting).
 
 
 3
 In view of the consideration which has been given to the suggestion for a hearing in banc, I deem a short note as to the present state of 'second circuit law' hereon desirable, notwithstanding the extensive statements in our former opinions now published as 2 Cir., 239 F.2d 555.
 
 
 4
 Since one judge has died and another is disqualified, only four judges were available to vote on a hearing in banc; as the votes were equally divided, the majority required by 28 U.S.C. § 46(c) for such hearing is lacking. While decision is thus afforded for the present case, it is obvious that precedents for the future must remain uncertain. The majority herein cite and purport to follow the Laskey-Austin decision, Laskey Bros. of West Virginia, Inc., v. Warner Bros. Pictures (Austin Theatre, Inc., v. Warner Bros. Pictures), 2 Cir., 224 F.2d 824, certiorari denied 350 U.S. 932, 76 S.Ct. 300, 100 L.Ed. 814, and hence it is to be taken as law, even though I feel convinced that my brothers have quite departed from its wording and purpose. And the difficulty is not lessened because, as seems clear to me, careful scholars and judges have interpreted the former decision (for whose apparent ambiguities I have to accept responsibility) as do I. See United States v. Standard Oil Co. (N.J.), D.C.S.D.N.Y., 136 F.Supp. 345, 363, 364; Note, 69 Harv.L.Rev. 1339, 1341; Note, 3 U.S.L.A.L.Rev. 105; Kaufman, The Former Government Attorney and the Canons of Professional Ethics, 70 Harv.L.Rev. 657. This tangled situation must therefore await future development.
 
 
 5
 I do deem it proper to point out that appellees' brief on the petition for rehearing affords convincing support for my conclusion that the only similarity between the issues to be tried in the present two cases and the issues in the cases Isacson started while in partnership with Malkan is the Paramount decree, which is of course public property. The real issues at trial-- competitive conditions in the neighborhood of the present theatres, linking the neighborhood with the national conspiracy, proof of damages-- are entirely different in the different cases. Appellees underline this by seeking support for the disqualification by reason of Malkan's unethical solicitation of clients. But only recently we explained with some precision why that should not be a means by which one party can deprive an opponent of his counsel. Fisher Studio v. Loew's Incorporated, 2 Cir., 232 F.2d 199, 204, certiorari denied 352 U.S. 836, 77 S.Ct. 56, 1 L.Ed.2d 55.